[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff brings this action claiming conversion of a recreational vehicle by the defendant, Richard A. Banks. Banks was unavailable for trial.
The only evidence presented to the court was the limited testimony of William Timmel, court appointed administrator of the Estate of Clarence Worth; deposition of Richard A. Banks (taken in the matter of Hutchinson v. Clarence Worth); certified copy of Mary Hutchinson's death certificate; death certificate of Clarence Worth; copy of judgment file in the case of Mary Hutchinson v. Clarence Worth, wherein Mary Hutchinson was declared the legal owner of the subject motor home and Clarence Worth was the holder in trust; stipulation by the parties that on November 24, 1993 the defendant sold the motor home to a third party for $26,000.
This case presents a very unusual set of circumstances. The plaintiff is deceased and the defendant was unavailable for trial.
The deposition of Richard Banks reveals to the court that he and Clarence Worth were friends and that the had never met Mary Hutchinson.
The plaintiff's claim is that the defendant had knowledge, or should have had knowledge, that the motor home did not belong to Clarence Worth. He relies upon the transcript to prove this knowledge.
The court cannot conclude, by a preponderance of the evidence, that the defendant ever possessed such knowledge, or conclude from the actions of the parties that the defendant should have known.
The plaintiff, in his brief, suggests that the court should adopt some amorphous concept of "consciousness of liability" which can be evinced from the actions of the defendant. No citations for such a theory have been given to the court.
Similarly, he argues that there has been a conversion by exercising rights over the vehicle to the exclusion of the rightful owner, Estate of Mary Hutchinson. This presupposes knowledge by the convertor of the rightful ownership by Mary Hutchinson. No evidence was offered to show such knowledge.
The court cannot in any way find that defendant fraudulently CT Page 5019 converted the motor home to his own use
Judgment may enter for the defendant.
Mihalakos, J.